UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALTON BOWENS,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                                      07-CV-459S

MEL S. HARRIS AND ASSOCIATES, LLC, et. al.,

                Defendants.

      1.      In this action, Plaintiff, proceeding pro se, brings a state law claim for abuse of process, a claim under the Fair Debt Collections Practices Act ("FDCPA"), and a claim for punitive damages. (Complaint, Docket No. 1, pp. 9-12, ¶¶ 28-45). Defendants have filed a Motion to Dismiss seeking to dismiss Plaintiff's Complaint in its entirety. (Docket No. 4).[1] For the following reasons, Defendants' Motion is denied.

      2.      Plaintiff alleges that Defendants attempted to collect a consumer debt from him using practices that violated the FDCPA, and that constituted an abuse of process in violation of New York State law. (Complaint, Docket No. 1, pp. 9-11, ¶¶ 28-40). Plaintiff states that Defendants initiated a civil case against him in Buffalo City Court to collect on a Sears charge account debt for $2596.18. (Complaint, Docket No. 1, pp. 7-8, ¶¶ 10-12; Buffalo City Court Summons and Complaint, Docket No. 1, pp. 29-30). Plaintiff claims that Defendants attempted to serve process on him at an address where he had never resided, and where Defendants knew or should have known that he had never resided. (Complaint, Docket No. 1, p. 8, ¶¶ 17-18). The record indicates that Defendants subsequently obtained

---

[1] In support of their Motion to Dismiss, Defendants submitted a Memorandum of Law with attached exhibits. (Docket No.4). In response, Plaintiff filed a Memorandum of Law with attached exhibits. (Docket No. 6). In reply, Defendants submitted a Reply Memorandum of Law. (Docket No. 10). In further opposition to Defendants' Motion, Plaintiff submitted a Counter Reply Memorandum of Law. (Docket No. 11).

a Default Judgment for $2418.02 against Plaintiff and had his bank account restrained. (Judgment of Default, Docket No. 1, p. 34; Letter from Mel S. Harris and Associates, Docket No. 1, p. 41). Plaintiff successfully challenged the Default Judgment in Buffalo City Court, and it was vacated. (Order Vacating Default Judgment, Docket No. 1, p. 44). Plaintiff brings this separate action, which Defendants have removed to federal court, alleging abuses of process and violations of the FDCPA.

3. Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in plaintiff's favor. ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, ___F.3d___, 2008 WL 269100 at *4 (2d Cir. Feb. 1, 2008). While the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief." Bell Atlantic Corp. v. Twombly, ___U.S.___,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., Goldstein, ___F.3d___, 2008 WL 269100 at *4.

4. Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Because Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

5.     Defendants have moved to dismiss Plaintiff's first and second causes of action for abuse of process. (Defendants' Memorandum, Docket No. 4, pp. 3-6). "Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984). In the present case, Plaintiff alleges that Defendants perpetrated an abuse of process when they knowingly used an invalid service of process to obtain a default judgment against him and subsequently restrain his bank account. (Complaint, Docket No. 1, pp. 9-10, ¶¶ 28-33). The New York State Appellate Division has previously held that allegations of "sewer service"—the fraudulent service of process on a debtor by a creditor seeking to obtain default judgment—are sufficient to establish a cause of action for abuse of process. See Phillipe v. American Exp. Travel Related Services Co., 174 A.D.2d 470, 571 N.Y.S.2d 711 (N.Y. App. Div. 1991) (denying defendant's motion to dismiss claim for abuse of process where plaintiff alleged a pattern of "sewer service" and false affidavits of non-military service); Blacks Law Dictionary 1372 (7th ed. 1999) (defining "sewer service"). Plaintiff's allegations are analogous to those in the Phillipe case, accordingly, this Court finds that Plaintiff has stated a cause of action for abuse of process. Defendants' motion to dismiss the first and second causes of action is denied.

6.     Defendants have moved to dismiss Plaintiff's third and fourth causes of action which allege that Defendants violated the FDCPA. (Defendants' Memorandum, Docket No. 4, p. 7). Defendants contend that Plaintiff has failed to allege that the debt in question was a consumer "debt" as defined in 15 U.S.C. §1692a(5). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of

a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5). The exhibits to the Complaint indicate that this debt was for a Sears retail charge account. Construing the Complaint liberally, and taking Plaintiff's allegations in the Complaint and attached Exhibits as true, this Court finds that Plaintiff has sufficiently alleged Defendants were attempting to collect a "debt" as defined in the FDCPA. Defendants' motion to dismiss the third and fourth causes of action is therefore denied.

7.  Defendants lastly argue that Plaintiff's claim for punitive damages should be dismissed because there is "no freestanding cause of action for punitive damages." (Defendants' Memorandum, Docket No. 4, p. 7). Plaintiff has made a claim for punitive damages in the context of his abuse of process claim. (Complaint, Docket No. 1, p. 11, ¶¶ 41-45). New York State Courts have recognized claims for punitive damages in claims for abuse of process where there are allegations of "willful and malicious conduct." See Parr Meadows Racing Ass'n, Inc. v. White, 76 A.D.2d 858, 428 N.Y.S.2d 509 (N.Y. App. Div. 1980). This Court finds that Plaintiff has sufficiently alleged a claim for punitive damages in the context of his abuse of process claim, therefore, Defendants' motion to dismiss the fifth cause of action is denied.

8.  In his pro se Response to Defendants' Motion to Dismiss, Plaintiff elaborates on allegations in the Complaint and includes new information. The Complaint included the service of process affidavit of Defendant Thomas Holland, which states that on March 27, 28, and 29, of 2006, Holland attempted to serve Plaintiff at "70 Northhampton Street, Apartment 4" but that Plaintiff was "not home." (Exhibits to Complaint, Docket No. 1, p.

31). Holland stated in the affidavit that he confirmed Plaintiff's address with a neighbor: "John Doe, 70 Northhampton St, Apt 3." (Exhibits to Complaint, Docket No. 1, p. 31). Plaintiff denies ever living at 70 Northhampton Street. (Complaint, Docket No. 1, p. 8, ¶ 13). In his Response to the Motion to Dismiss, Plaintiff includes the Affidavit of Gregory Ford, who has lived in apartment two at 70 Northhampton Street since December of 2005. (Exhibit C to Plaintiff's Response, Docket No. 6, pp. 17-18). Ford states that on March 27, 28, and 29, of 2006, apartments three and four, located on the upper floor of 70 Northhampton Street were unoccupied and had "for rent" and "for sale" signs prominently displayed. (Exhibit C to Plaintiff's Response, Docket No. 6, pp. 17-18).

The Second Circuit has explained that "when matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material." Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). Rather than convert this to a summary judgment motion, the Court has excluded the new information and allegations raised in Plaintiff's Response, and focused on the allegations raised in the Complaint and attached exhibits.

      9.      For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 4) is DENIED.

      SO ORDERED.

Dated: February 28, 2008
       Buffalo, New York                                           /s/William M. Skretny
                                                                          WILLIAM M. SKRETNY
                                                                    United States District Judge