UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALTON BOWENS,

                              Plaintiff,

            v.                                                  **DECISION AND ORDER**
                                                                07-CV-459S
LR Credit 10, LLC, et al.,

                              Defendants.


## I. INTRODUCTION

On November 3, 2010, *pro se* plaintiff Alton Bowens filed an Amended Complaint

in the Western District of New York claiming violations by Defendants LR Credit 10, LLC,

Kerry Lutz, Esq., Mel S. Harris, Esq., Mel S. Harris and Associates, LLC (collectively the

"Collection Defendants"), as well as Thomas Holland and We Serve It For You Process

Serving Agency (collectively the "Process Defendants").  Plaintiff alleges that defendants

improperly served process on him at an address at which he did not reside in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 *et seq.*, and New York state law.

Presently before this Court is Collection Defendants' Motion for Summary Judgment, as

well as Process Defendants' Motion for Summary Judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure.  For the following reasons, Defendants' motions are

granted.[1]

---

[1]In support of their motion, the Collection Defendants filed a Statement of Undisputed Facts; a
Memorandum of Law; the Declaration of Glenn M. Fjermedal, Esq., with Exhibits; the Affidavit of Michael
Young, with Exhibit; the Affidavit of Mel S. Harris, Esq.; a Reply Memorandum; and a Sur-Reply
Memorandum.  (Docket Nos. 86, 87, 90, 92, 97.)

In support of their motion, the Process Defendants filed a Memorandum of Law, with Exhibits; a
Statement of Facts; a Reply Memorandum; and a Sur-Reply Memorandum.  (Docket Nos. 88, 89, 93, 98.)

Plaintiff responded by filing a Response Memorandum.  (Docket No. 95.)  Plaintiff also submitted
copies of various exhibits previously filed, which this Court received on July 14, 2011.  In addition, Plaintiff

## II. BACKGROUND

### A.     Facts

Plaintiff Alton Bowens is a resident of Buffalo, New York.  (Amended Complaint ("Comp."), Docket No. 78, ¶ 2.)  On December 16, 2005 Defendant LR Credit 10 became the owner of a Sears charge card debt incurred by Bowens.  (Statement of Material Facts in Accordance with Rule 56 of the Federal Rules of Civil Procedure ("Stmt."), Docket No. 85, ¶¶ 2, 3.)  LR Credit 10 assigned the debt to Mel S. Harris and Associates ("Mel Harris") for collection.  (Id. ¶ 4.)  Mel Harris, in turn, forwarded a summons and complaint to We Serve It For You Process Serving Agency  ("We Serve").  (Id. ¶ 11.)  The summons and complaint identified Bowens' address as P.O. Box 229, Buffalo, New York, the only address that accompanied the account LR Credit 10 had purchased.  (Id.)  The Collection Defendants had previously attempted to contact Bowens at that address by mail.  (Id. ¶¶ 8, 9.)  The Collection Defendants did contact Plaintiff via a phone number listed under the account.  (Id. ¶ 17.)

We Serve consulted the United States Postal Service as well as an Internet search service provided by Lexis Nexis called Accurint to determine that Plaintiff's residence was at 70 Northampton Street, Buffalo, N.Y.  (Statement of Material Facts Per Local Rule 56.1 on Behalf of Defendants We Service It For You Process Serving Agency and Thomas Holland ("Holland Stmt."), Docket No. 89, ¶ 5.)  In fact, Plaintiff did not reside there, but actually lived at 36 Janet Street, Buffalo, New York.  (Comp. ¶ 17.)  The Janet Street

---

submitted, by letter, a sur-reply, received by this Court on July 20, 2011.  The Court notes that leave was neither requested nor granted to file sur-reply.  However, in deference to Plaintiff's *pro se* status, this Court has considered Plaintiff's submission, but finds that it does not alter this Court's determination that Defendants' motions should be granted.

address was also the one listed in the local directory alongside the phone number at which Collection Defendants had contacted Plaintiff.  (Id.)

We Serve, through Defendant Holland, attempted service at the Northampton address on March 27, 28, and 29, 2006.  (Holland Stmt. ¶ 6.)  The Process Defendants assert that they again attempted to deliver the summons and complaint on April 1, 2006, this time speaking with a neighbor who confirmed that Bowens lived in an apartment at that address.  (Id. ¶¶ 7, 8.)  Bowens disputes whether Process Defendants ever spoke with a neighbor.  (Response to Notice of Motion to Dismiss, Docket No. 6, Ex. C).  Bowens also disputes whether Process Defendants mailed a copy of the summons and complaint to that address, and whether they taped process to Bowens' incorrect residence.  (See Holland Stmt. ¶ 8.)

The Collection Defendants mailed an additional copy of the summons and complaint on April 20, 2006.  Thereafter, the Collection Defendants sought, and obtained, a judgment on Bowens' property in the City Court of Buffalo on June 2, 2006.  (Stmt. ¶ 20.)  Collection Defendants continued trying to contact Bowens at the Northampton address, and proceeded to collect on the default judgment by contacting various lending institutions. This resulted in the attachment of a bank account Bowens held with Citizens Bank. (Comp. ¶¶ 25, 26.)  The restraint allegedly interfered with Bowens' distribution and marketing business, which made regular use of that account.  (Id.)

On March 15, 2007, Bowens initiated an Order to Show Cause proceeding to vacate the default judgment.  (Id. ¶ 27.)  Bowens was granted relief by court order, and the Collection Defendants authorized a release on Bowen's bank account.

Bowens now brings suit to recover statutory and punitive damages arising out of Defendants' insufficient service of process and interference with Bowens' distribution and

marketing business.

### B.   Procedural History

Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of Erie on April 20, 2007.  (Docket No. 1.)  Collection Defendants removed that action to the Western District of New York on July 16, 2007.  (Id.)  Collection Defendants moved to dismiss Plaintiff's Complaint on August 20, 2007.  This Court denied Defendants' motion on March 3, 2008.  (Docket No. 13.)  Bowens then challenged referral of this matter to mediation.  This Court denied that motion on July 30, 2008.  (Docket No. 22.)  After a series of discovery-related motions, Bowens moved to amend his original complaint on April 5, 2010.  (Docket No. 59.)  Because Bowens neglected to include an amended complaint, The Honorable Leslie G. Foschio, United States Magistrate Judge, denied Bowens' motion without prejudice.  (Docket No. 65.)  Judge Foschio thereafter granted the Plaintiff's second motion to amend the complaint on October 13, 2010, and Bowens filed his amended complaint on November 3, 2010.  (Docket Nos. 66,74.)  The Process Defendants filed their instant Motion for Summary Judgment on April 29, 2011 (Docket No. 83), and Collection Defendants filed their own Motion for Summary Judgment on May 2, 2011 (Docket No. 90).  Briefing closed on July 15, 2011, at which time this Court time took the matter under advisement without oral argument.

## III.  DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is "material" if it "might affect the outcome of the suit under the governing law."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202

(1986).  An issue of material fact is "genuine" if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn

from the evidence must be "viewed in the light most favorable to the party opposing the

motion."  Addickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L.

Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of

evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.

1991).  The function of the court is not "to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S.

at 249.  "Assessments of credibility and choices between conflicting versions of the events

are matters for the jury, not for the court on summary judgment."  Rule v. Brine, Inc., 85

F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat

summary judgment.  Anderson, 477 U.S. at 252.  A nonmoving party must do more than

cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence

showing that its version of the events is not wholly fanciful."  Matsushita Elec. Indus. Co.

v. Zenith Radio Corps., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986);

D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  That is, there must be

evidence from which the jury could reasonably find for the nonmoving party. Anderson,

477 U.S. at 252.

**B.      Plaintiff's FDCPA Claims**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting 15 U.S.C. § 1692(e)).  A single violation of any provision of 15 U.S.C. § 1692 is sufficient to establish civil liability.  Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).  "While the filing of a debt collection action alone does not violate the FDCPA, if the complaint was supported by affidavits that contained false or deceptive representations about the status and character of the debt, then the filing of the state action could also be deemed 'unfair or unconscionable' in violation of 15 U.S.C. § 1692f."  Sykes v. Mel Harris & Assocs., LLC, 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010).  Similarly, failing to serve process and perjuring affidavits of service also violates the FDCPA.  Spiegel v. Judicial Attorney Servs., Inc., No. 09 C 7163, 2011 WL 382809, at *1 (N.D. Ill. Feb. 1, 2011); Sykes, 757 F. Supp. 2d at 423.

In his amended complaint, Bowens alleges Defendants violated the FDCPA by engaging in "sewer service"– the fraudulent service of process on a debtor by a creditor seeking to obtain default judgment.  Blacks Law Dictionary 1372 (7th ed. 1999).  Bowens asserts that Defendants intentionally served him insufficient process at an address at which he did not reside in order to obtain a default judgment against him.  Collection Defendants argue that Plaintiff has failed to prove that Defendants acted intentionally.  Collection Defendants further argue that Bowens has withdrawn his FDCPA claims against the Process Defendants and that, in any case, the Collection Defendants are not vicariously

liable for the acts of the process servers.  Process Defendants add that Bowens' FDCPA claims against them must be dismissed because they are not debt collectors, and echo Collection Defendants argument that Bowens cannot show intent.

This Court has previously rejected Defendants argument that Bowens' FDCPA claims should be dismissed because the debt in question was not a consumer debt as defined in 15 U.S.C. § 1692a(5).  (Docket No. 13.)  Changing strategies, Defendants now argue that Process Defendants are not debt collectors and that, in recognition of this fact, Plaintiff has withdrawn his FDCPA claims against Process Defendants.

This Court is skeptical that Plaintiff actually withdrew his FDCPA claims.  When asked whether he was bringing FDCPA claims against Process Defendants, Bowens replied "[i]f they are not debt collectors, I'm not."  (Declaration of Glenn M. Fjermedal in Support of Defendants' LR Credit 10, LLC, Mel S. Harris, Esq., Mel S. Harris and Associates, LLC., and Kerry Lutz, Esq.'s Motion for Summary Judgment ("Collection Defs.' Ex."), Docket No. 90, Ex. E.)  Earlier in the same deposition, Bowens explained that "in my opinion that law [the FDCPA] would not cover [Process Defendants] but I don't know if it actually does or not."  (Id.)  To conclude from this exchange that "Plaintiff has conceded that the Process Server Defendants are not debt collectors for FDCPA purposes, and withdrew his FDCPA claims against them" is to infer too much.  Rather it appears that Bowens is uncertain whether the FDCPA would cover the Process Defendants.  This Court reads a *pro se* litigant's submissions carefully and liberally, and interprets them so as to raise the strongest arguments they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Accordingly, this Court does not agree that Bowens has withdrawn his FDCPA claims and will consider whether those claims should go forward.

The FDCPA exempts persons engaged in "serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt."  15 U.S.C. § 1692a(6)(D).  In other words, "process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt."  Sykes, 757 F. Supp. 2d at  423 (quoting Romea v. Heiberger & Assocs., 163 F.3d 111, 117 (2d Cir. 1998)).  However, "a process server who goes 'beyond being merely being [sic] a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."  Id. (quoting Flamm v. Sarner & Assoc. P.C., No. 02 Civ 4302(LAR), 2002 WL 31618443, at *5 (E.D. Pa. Nov.  6, 2002)).

In Sykes, the court denied defendants' motion to dismiss plaintiffs' FDCPA claim where plaintiffs alleged that the process servers failed to serve plaintiffs and submitted perjured affidavits of service.  Id.  The court concluded that the process servers were only exempted from the FDCPA while serving process, but that the alleged activities took them outside the scope of § 1692a(6)(D).  (Id.)  Similarly here, Plaintiff has alleged that all the defendants "were in collusion and agreement and conspired to serve [Plaintiff] at an address that they knew was not [his] address."  (Collection Defs.' Ex. F.)  That process servers were not debt collectors does not necessarily defeat Bowens' FDCPA claims.  See Spiegel, 2011 WL 382809, at *1 (dismissal inappropriate where plaintiff alleged process serves failed to serve debtor and filed fraudulent affidavits attesting to service).  Moreover, as in Sykes, this Court rejects the argument that a defendant cannot be vicariously liable because process servers are exempt under the FDCPA, where the defendant knew that the affidavits of service were highly likely to be false.  757 F. Supp. 2d at 423 ("[T]o the extent that the Collection Defendants argue that they cannot be vicariously liable for the

8

[process server] defendants' actions because process servers are exempt under the FDCPA, I also deny their motion to dismiss.").

Nevertheless, a closer analysis of the proof offered by Bowens in support of his FDCPA claim convinces this Court that summary judgment is appropriate.  Bowens does not identify which specific provision of the FDCPA Defendants allegedly violated.  However, Bowens has alleged that Defendants intentionally served process on Plaintiff at an address where they knew Plaintiff did not reside to secure a default judgment.  The falsification of service affidavits is sufficient to constitute a violation of the FDCPA.  See Coble v. Cohen & Slamowitz, LLP, No. 11 CV 1037 VB, 2011 WL 5142577, at *2 (S.D.N.Y. Oct. 31, 2011) ("Plaintiffs plausibly allege defendants violated the FDCPA when they applied for default judgments against plaintiffs.").

Defendants have argued however that they did not know that Bowens did not reside at the Northampton residence.  Collection Defendants contend that "Plaintiff has no proof of the essential 'intentional' and 'malicious' elements of his FDCPA causes of action mandating dismissal of these causes of action."  (Memorandum of Law in Support of Defendants' LR Credit 10, LLC, Mel S. Harris, Esq., Mel Harris and Associates, LLC, and Kerry Lutz, Esq.'s Motion for Summary Judgment, Docket No. 90, 11.)  Collection Defendants argue that "[a]t best, Plaintiff may be able to prove that Process Server Defendants made an error in identifying Plaintiff's address for service of process."  (Id. at 10.)

The FDCPA is a strict liability statute, and does not require a plaintiff to show defendants acted intentionally.  Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010) (citing Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2d Cir. 1993)).  Generally, the burden is on the debt collector to show that a violation was not

intentional, but rather the result of a bona fide error, not withstanding the maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1692k©; see also Dimovski v. Tolisano & Danforth, L.L.C., No. 3:10-CV-205 (JCH), 2011 WL 1638051, at *4 (D. Conn. Apr. 29, 2011) (defendant attempting to establish bona fide error defense need not demonstrate that procedures are fool proof, but only that reasonable precaution was taken).  However, here, Bowens does not allege that a mere error would have resulted in a violation of the FDCPA.  Rather, Bowens argues that Defendants violation was a result of their intentional acts.  Specifically, Bowens claims that Defendants were in collusion to secure a default judgment.  But, regardless of where the burden of establishing a party's intent rests, the record shows that Defendants did not act intentionally.

Plaintiff bases his claim that Defendants colluded on the fact that Defendants knew his proper address.  (Collection Defs.' Ex. K.)  Specifically, during deposition Plaintiff responded to Defendants questions in the following manner:

Q:    [W]hat is your proof that they [Defendants] went in collusion?
A:    Okay.  First of all, they had my correct address on the information that they gave me.
Q:    Sir, please, I asked you other than your claim that they had your correct address, do you have any other proof that their service on you was intentionally improper?
A:    Okay.  They had my correct address.

(Collection Defs.' Ex. K.)

Plaintiff did elaborate that the correct address was listed in the local phone book and that Defendants called him at the number corresponding to that address.  Plaintiff also argues that the sources Defendants relied on were not dependable.  Asked whether he had any other proof, Bowens admitted, "[a]t this time, no." (Id.)  Nevertheless, Plaintiff's amended complaint also alleges that the Northampton address at which Process Defendants attempted to serve process had a "For Rent" sign posted, and an affidavit of

a resident at the Northampton address contradicts Process Defendants assertion that process was left at that address.

However, Defendants' submissions show that the alleged collusion was merely a mistake.   Initially, it is pertinent to note that the account on which Bowens owed the debt listed no address other than the P.O. Box.  (Stmt. ¶ 7.)  It was that account, rather than the local directory, from which Defendants acquired Bowens' phone number.  (Affidavit of Mel S. Harris, Esq. In Support of Defendants' LR Credit 10, LLC, Mel S. Harris, Esq., Mel Harris & Associates, LLC, and Kerry Lutz's Motion for Summary Judgment, Docket No. 87, ¶ 6.) As a result, mere possession of this number does not mean that Defendants were also in possession of the address associated with that number in the local directory.  Indeed, both an Accurint search, (Affidavit of John D. Coy, Docket No. 83, Ex. B), and the United States Postal Service, (Affidavit of Michael A. Brady, Esq., Docket No. 83, ¶14), supported Defendants' belief that Bowens resided at the Northampton address.  Bowens actually had resided there for approximately six years prior to the present dispute.  (Collection Defs.' Ex. B.)  Bowens' son, who shared his father's name, also resided at the Northampton address for an unspecified period over the course of several months.  (Collection Defs.' Ex. C.)  At least as of 2008, Bowens had again resided at the Northampton address.  (Id. Ex. C.) Viewed together, the extensive overlapping relationships between Plaintiff and the Northampton address, coupled with the scarcity of Bowens' own submissions on the issue of intent, defeat any inference that Defendants conspired to serve process on Bowens at an incorrect address.

In consideration of these facts, this Court concludes that Defendants have met their burden of showing that Bowens has not provided sufficient evidence of Defendants' intent to collude.  Although Bowens challenges whether Process Defendants ever left process

at the Northampton address, his Amended Complaint admits that the Process Defendants did attempt to serve him there.  (Comp. ¶ 13.)  Bowens claims that his correct address was in the phone book all along, but Defendants have shown that other sources gave a differing address and that Bowens had an ongoing relationship with that address.  Without more, this Court cannot find that the Process Defendants were acting outside their roles as process servers.  Therefore, no liability will attach under the FDCPA, and Bowens' claims under that statute must be dismissed.  See 15 U.S.C. § 1692a(6)(D).  Having determined that Process Defendants did not act improperly, this Court also concludes that the Collection Defendants did not conspire with the intent of delivering insufficient service on Plaintiff to obtain a default judgment.  Although this Court recognizes that "[w]hen a case turns on the intent of one party . . . a motion for summary judgment must be approached with special caution," dismissal is appropriate here.  Walker v. Consolidated Edison Co. of N.Y., Inc., No. 00 Civ. 8598(AGS), 2002 WL 31385830, at *4 (S.D.N.Y. Oct. 22, 2002).

Accordingly, Defendants' motions for summary judgment will be granted as to Bowens' FDCPA claim.

**C.      Plaintiff's Abuse of Process Claims**

A plaintiff bringing a claim of abuse of process under New York law must establish three essential elements: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective."  Curiano v. Suozzi, 63 N.Y.2d 113, 116, 469 N.E. 2d 1324, 480 N.Y.S.2d 466 (1984).  New York law supports a claim of abuse of process where defendants fraudulently served process on a debtor to obtain a default judgment.  See Phillipe v. American Exp. Travel Related Servs. Co., 174 A.D.2d 470, 571 N.Y.S.2d 711

N.Y. App. Div. 1991).

On a previous Motion to Dismiss, Collection Defendants argued that a claim for abuse of process could not arise from the mere filing of a summons and complaint. This Court rejected that argument, determining that Bowens' original Complaint alleged facts analogous to those in Phillipe, where dismissal was denied. Id.  On their Motion for Summary Judgment, Collection Defendants again argue that a claim for abuse of process requires more than the filing of a summons and complaint.  Upon review of Bowens' Amended Complaint, this Court's opinion has not changed.  Sewer service is a type of abuse of process recognized under New York law.  See id.; Judo, Inc. v. Peet, 68 Misc. 2d 281, 326 N.Y.S.2d 441, 444 (N.Y. Civ. Ct. 1971); c.f., Sykes, 757 F. Supp. 2d at 428 (allegations of sewer service discussed in context of New York General Business Law § 349 and New York Judiciary Law § 487).

Collection Defendants also argue, as they do on Bowens' FDCPA claim, that Bowens cannot establish the necessary intent to survive summary judgment. For the same reasons discussed above, this Court agrees that Bowens has failed to show that Defendants had the necessary intent to do harm.  There is no evidence that the Collection Defendants and Process Defendants collaborated, as Bowens alleges.  See McCarthy v. Wachovia Bank, N.A., 759 F. Supp. 2d 265, 279 (E.D.N.Y. 2011) ("[P]laintiff has failed to offer any evidence from which the Court could conclude that . . . Defendants possessed – or may have possessed – the requisite intent to harm the plaintiff.").  Moreover, the record shows that Defendants could reasonably have believed that Bowens resided at the Northampton address.

Accordingly, Defendants' motions for summary judgment as to Bowens' abuse of process claim will be granted.

## IV.  CONCLUSION

For the reasons stated above, the Collection Defendants' Motion for Summary

Judgment and the Process Defendants' Motion for Summary Judgment are granted.


## V.  ORDERS

IT HEREBY IS ORDERED, that the Process Defendants' Motion for Summary

Judgment (Docket No. 83) is GRANTED.

FURTHER, that the Collection Defendants' Motion for Summary Judgment

(Docket No. 90) is GRANTED.

FURTHER, that the Clerk of the Court is directed to file Plaintiff's letter of July

20, 2011.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   December 5, 2011
             Buffalo, New York


                                              /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                               Chief Judge
                                        United States District Court